UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY KENT BARKER, et al.,<br><br>Defendants. | No. 2:15-cv-0062 JAM DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the undersigned is plaintiff's motion for summary judgment as to defendant Randy Kent Barker, and for default judgment against defendants Carl Hans, Builders Supply, and Newport Capital Recovery Group II, LLC.[1] (ECF No. 54.) Having reviewed plaintiff's motion, and the documents filed in support and opposition, the undersigned recommends that plaintiff's motion be granted for the reasons stated below.

**PROCEDURAL BACKGROUND**

Plaintiff United States of America commenced this action on January 9, 2015. (Compl. (ECF No. 1).) Plaintiff's complaint seeks to reduce to judgment defendant Randy Kent Barker's

////

---

[1] Defendant Randy Barker is the only defendant remaining in this action who is not in default. Defendant Barker is proceeding pro se. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). (ECF No. 59.)

1

outstanding federal tax liabilities and to foreclose on Barker's property. (Id. at 3.) The remaining defendants are named in the complaint because they may claim an interest in Barker's property. (Id. at 3-4.[2])

Summons was issued as to defendants Randy Kent Barker, Carl Hans, Builders Supply, Newport Capital Recovery Group II, LLC, Butte County Treasurer, and Canyon Oaks Property Owners Association. (ECF No. 2.) On March 5, 2015, defendant Randy Barker filed a response.[3] (ECF No. 4.) On March 18, 2015, plaintiff filed proof of service of the complaint on defendants Builders Supply, Butte County Treasurer, Canyon Oaks Property Owners Association, and Randy Barker. (ECF Nos. 7-10.) On April 23, 2015, plaintiff filed proof of service on defendant Carl Hans. (ECF No. 12.) On May 5, 2015, plaintiff filed proof of service on Newport Capital Recovery Group II, LLC. (ECF No. 14.)

On July 1, 2015, plaintiff requested the entry of default as to defendants Builders Supply, Carl Hans, and Newport Capital Recovery Group II, LLC. (ECF No. 22.) The Clerk entered default as to those defendants on July 2, 2015. (ECF No. 23.) On July 31, 2015, plaintiff and defendant Butte County Treasurer filed a stipulation stipulating, in relevant part, that defendant Butte County Treasurer agreed to be bound by the judgment in this case and was excused from further participation. (ECF No. 26.) On August 3, 2015, the assigned District Judge approved that stipulation. (ECF No. 28.) On February 17, 2016, plaintiff and defendant Canyon Oaks filed a similar stipulation. (ECF No. 48.) The assigned District Judged approved that stipulation on February 18, 2016. (ECF No. 49.)

On May 8, 2018, plaintiff filed the pending motion for summary judgment and default judgment. (ECF No. 57.) The motion was served on defendants Randy Barker, Builders Supply, Carl Hans, and Newport Capital Recovery Group II, LLC. (ECF No. 57-5 at 2-3.) On May 15,

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Defendant Barker's response stated that the Clerk of the Court was "ordered by General Executor of RANDY KENT, estate of BARKER to notify the office of trustee of RANDY KENT, estate of BARKER so he can order the discharge of indetedness (sic) to the etent (sic) insolvent." (ECF No. 4 at 1.)

2018, the matter was referred to the undersigned pursuant to Local Rule 302(c)(21). (ECF No. 59.) On August 1, 2018, plaintiff's motion was taken under submission. (ECF No. 64.)

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Plaintiff's statement of undisputed facts is supported by citation to declarations from Revenue Officer David Palmer, plaintiff's attorney G. Patrick Jennings, as well as exhibits. (ECF Nos. 57-3, 57-4, & 58 through 58-12.) Plaintiff's statement of undisputed facts establishes the following.

The subject of this litigation is real property ("Subject Property") located in Chico, CA, with an assigned Parcel Number of 018-590-026-000. Defendant Randy Kent Barker and Tamara M. Barker purchased the Subject Property, as husband and wife as community property with right of survivorship, through a Grant Deed recorded on or about April 1, 2009, with the Butte County Recorder in Oroville, California. (Pl.'s SUDF (ECF No. 57-2) 1-2.[4])

Defendant Randy Kent Barker's federal tax liabilities stem from his participation in a Form 1099-OID scheme, where a taxpayer substantially overstates income and withholding on a federal income tax return to obtain an unjustified and fraudulent federal tax refund. Defendant Randy Barker and Tamara Barker conspired to defraud the United States through a Form 1099-OID scheme by making a false claim for refund, intentionally made that false claim, and then laundered the proceeds. (Pl.'s. SUDF (ECF No. 57-2) 6-7.)

To further the scheme, defendant Barker obtained the ability to file information returns electronically with the IRS. The FIRE (File Information Returns Electronically) system provides the IRS with third-party financial information which can be cross-referenced against tax returns. Defendant Barker filed 1099-OID information showing entirely false interest payments to him and Tamara Barker from banks. (Pl.'s. SUDF (ECF No. 57-2) 7.)

The Barkers then filed a false tax return for 2008, referencing the previously-filed 1099-OID information, and falsely claiming a large credit for tax withheld. The Barkers fraudulently obtained a refund in the amount of $987,900. A few days after receiving the fraudulently-

---

[4] Citations here are to the specific numbered undisputed fact asserted.

3

obtained refund, the Barkers moved the money to avoid IRS collection. A few weeks later, the Barkers paid cash for a $495,000 house in Chico, California. (Pl.'s. SUDF (ECF No. 57-2) 8-9.)

On March 23, 2009, a duly authorized delegate of the Secretary of the Treasury made an assessment in the amount of $1,475,237 against defendant Barker for federal income taxes, interest, and other statutory additions for the 2008 tax year. On April 14, 2009, the Internal Revenue Service recorded a Notice of Federal Tax Lien against defendant Barker with the Butte County Recorder. On May 4, 2009, an assessment for $152 in fees and collection costs was made against defendant Barker. (Pl.'s SUDF (ECF No. 57-2) 12, 15.)

On July 26, 2012, the Barkers were indicted on charges of (1) conspiracy to defraud the United States (18 U.S.C. § 286), (2) making a false, fictitious, or fraudulent claim (18 U.S.C. § 287), and (3) money laundering (18 U.S.C. § 1957). Tamara M. Barker died on August 21, 2012. On February 14, 2013, defendant Barker was convicted by a jury on all three counts. Defendant Barker was sent to prison for 46 months. (Pl.'s SUDF (ECF No. 57-2) 3, 10-11.)

Despite timely notice and demand for payment, defendant Barker has neglected or refused to make full payment of the assessed amount to the United States. As of May 7, 2018, there remained due and owing to the United States on those assessments the total sum of $1,849,353.46, plus statutory interest and other statutory additions as provided by law.[5] The Subject Property is the only known asset owned by defendant Randy Kent Barker with any significant equity from which the IRS could collect against his federal tax liabilities. Defendant Barker has had an ownership interest in the Subject Property at all times relevant to this action. (Pl.'s SUDF (ECF No. 57-2) 5, 13, 16.)

**DEFENDANT'S OPPOSITION**

Although defendant has made various filings and motions in this action, defendant did not file a formal opposition that complied with Local Rule 260(b). That rule requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's

---

[5] Although plaintiff's statement of undisputed facts states "as of May 7, 2017," the declaration and exhibit offered in support provide a date of May 7, 2018. (Palmer Decl. (ECF No. 57-3) at 3; Pl.'s Ex. 3 (ECF No. 58-2) at 2.)

4

statement of undisputed facts and (2) expressly admit or deny each fact. Under that provision the party opposing summary judgment is also required to cite evidence in support of each denial. In the absence of the required admissions and denials, the undersigned has reviewed defendant's filings in an effort to discern whether defendant denies any fact asserted in plaintiff's statement of undisputed facts. If there is such a denial, what evidence has defendant offered, demonstrating the existence of a disputed issue of material fact with respect to any of plaintiff's claims.

**LEGAL STANDARDS**

**I.     Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

////

In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(c)(1); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>see</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." <u>Walls v. Central Costa County Transit Authority</u>, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

////

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## II. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

////

**ANALYSIS**

**I. Plaintiff's Motion for Summary Judgment**

Plaintiff's motion seeks summary judgment on the complaint's "First and Sixth Claims for Relief." (Pl.'s Mot. (ECF No. 57-1) at 4.) The complaint's first claim for relief is a claim to reduce defendant's federal tax assessment to judgment. (Compl. (ECF No. 1) at 5.) The complaint's sixth claim for relief is a claim to foreclose the federal tax liens on the subject property. (Id. at 9.)

"When a taxpayer neglects or refuses to pay a federal tax liability after assessment, notice, and demand for payment, [26 U.S.C.] § 6321 imposes a tax lien in favor of the government for 'all property and rights to property, whether real or personal,' belonging to the taxpayer." U.S. v. Cunningham, No. CIV. S-04-2483 LKK DAD, 2006 WL 1628010, at *5 (E.D. Cal. June 7, 2006) (quoting 26 U.S.C. § 6321). "In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due." Oliver v. U.S., 921 F.2d 916, 919 (9th Cir. 1990) (citation omitted). "Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made." Hughes v. U.S., 953 F.2d 531, 535 (9th Cir. 1992).

"Once introduced, the tax assessment is accorded a presumption of correctness and the taxpayer bears the burden of showing with contrary evidence that the IRS incorrectly calculated the tax deficiencies." U.S. v. Boyce, 148 F.Supp.2d 1069, 1081 (S.D. Cal. 2001) (citations and quotation omitted); see also United States v. Gonzales for Estate of Gonzales, 323 F.Supp.3d 1119, 1124 (N.D. Cal. 2018) ("Introduction of the assessment shifts the burden to the taxpayer to rebut the presumption by countervailing proof.").

Here, in support of the motion for summary judgment plaintiff has submitted a Form 4340 for the period ending December 31, 2008. (Pl.'s Mot., Ex. 1 (ECF No. 58) at 2.) The Form 4340 establishes that defendant Barker was assessed tax liability on March 23, 2009, in the amount of $1,475,237, and $152 in fees and collection costs on May 4, 2009.[6] (Id. at 3.) The presentation

---

[6] According to the declaration from Revenue Officer David Palmer, as of May 7, 2018, defendant Barker owed $1,849,353,46 in taxes, penalties, interest, and statutory additions. (Palmer Decl.

of the Form 4340 satisfies the United States burden. See United States v. Kidwell, CIV. NO. 2:16-433 WBS EFB, 2017 WL 714381, at *2 (E.D. Cal. Feb. 23, 2017) ("Thus, the United States has established its prima facie case through its presentation of Forms 4340 and minimal evidentiary foundation.").

As noted above, defendant failed to file a formal opposition addressing the arguments and evidence presented by plaintiff. Defendant, however, has filed several documents challenging this action. For example, on November 9, 2015, defendant filed a "MOTION for DISMIES (sic) FOR LACK OF ARTICLE III STANDING." (ECF No. 42.) Therein, defendant argues that this court lacks subject matter jurisdiction over this action because "[t[here was no Constitution 'Dollars'" only "irredeemable legal-tender Federal Reserve Notes[.]" (Id. at 1-2.)

On January 27, 2016, defendant filed a motion to dismiss for lack of venue and jurisdiction. (ECF No. 46.) Therein, defendant argues that the "UNITED STATES CODE, in totality . . . is applicable only in the District of Columbia and any other jurisdiction within the purview of its Military Dictatorship." (Id. at 1.) Thus, "the UNITED STATES attorneys have no business prosecuting anyone outside of the District of Columbia Federal territories." (Id.)

On May 30, 2018, defendant filed a "3rd Notification" of a letter originally filed on July11, 2016. (ECF Nos. 52 & 61.) Therein, defendant argues that the defendant is "a non resident alien, private individual, situated on the State of California, without the Jurisdiction of the UNITED STATES[.]" (ECF No. 61 at 3.) Moreover, because this "action involves an estate" the matter "can only be properly determine through ex-parte, Exclusive Equity Jurisdiction[.]" (Id.)

On August 3, 2018, defendant filed a motion to intervene. (ECF No. 66.) The motion states that "Randy Kent: Barker (Beneficiary)" seeks to intervene as the "true party in interest with respect to the issues and law" at issue in this action. (Id. at 1.) In this regard, the motion asserts that "Randy Kent: Barker (Beneficiary)" is "a representative of qualified electors" that

////

---

(ECF No. 57-3) at 3.) A "[d]efendant is also liable for interest and penalties accruing on his tax liabilities" and "mandatory interest accrues . . . until the taxpayer pays the liability in full." United States v. Kidwell, CIV. NO. 2:16-433 WBS EFB, 2017 WL 714381, at *2 (E.D. Cal. Feb. 23, 2017) (citing 26 U.S.C. §§ 6601(a), 6621, 6622(a)).

1 "has a significant interest in the subject matter and legal status of the 'persons' contained within the unverified COMPLAINT of this case." (Id. at 2.)

Defendant's motions are frivolous and without merit. Therefore, the undersigned will recommend that they be denied. Moreover, defendant has failed to show that there is a genuine issue of material fact as to plaintiff's motion for summary judgment. Accordingly, the undersigned will also recommend that plaintiff's motion for summary judgment be granted.

## II.     Plaintiff's Motion for Default Judgment

As noted above, plaintiff also seeks default judgment against defendants Carl Hans, Builders Supply, and Newport Capital Recovery Group, II. (Pl.'s Mot. (ECF No. 57-1) at 8.)

### 1.     The Eitel Factors Favor Entry of Default Judgment

Examining the complaint in light of the Eitel factors, the undersigned finds the factors weigh in favor of granting plaintiff's motion for default judgment.

#### A.     Possibility of Prejudice to the Plaintiff

The first Eitel factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. Eitel, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiffs without a proper remedy. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing Pepsico, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

Here, the defaulting defendants hold liens against the Subject Property. (Pl.'s Mot. (ECF No. 57-1) at 8.) If default judgment is not entered, when plaintiff sells the subject property the title would be clouded by these liens which would adversely impact the sale price of the subject property. (Id.) And because these defendants failed to appear in this action, denial of a default judgment would leave plaintiff no remedy for this injury. Accordingly, the first Eitel factor weighs in favor of granting default judgment on behalf of the plaintiff.

#### B.     Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third Eitel factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims. Craigslist, Inc. v. Naturemarket, Inc., 694

F.Supp.2d 1039, 1055 (2010). As stated above, the undersigned will recommend that plaintiff's motion for summary judgment be granted. Thus, the undersigned finds that plaintiff has pleaded fact sufficient to establish and succeed upon its claims. Accordingly, these factors also weigh in favor of granting default judgment.

### C. Sum of Money at Stake

Under the fourth Eitel factor "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." PepsiCo, Inc., 238 F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. Eitel, 782 F. 2d. at 1472. Here, plaintiff "is not seeking damages against the defaulting defendants." (Pl.'s Mot. (ECF No. 57-1) at 10.) And defendant Barker's conduct—although not the conduct of the defaulting defendants—is certainly serious. Therefore, this factor does not weigh against default judgment.

### D. Possibility of Disputed Material Facts

The fifth Eitel factor examines whether a dispute exists regarding material facts. Vogel v. Rite Aid Corp., 992 F.Supp. 998, 1012 (2014) (citing PepsiCo, 238 F.Supp. 2d. at 1177; Eitel, 782 F.2d. at 1471-72). Defendants failed to file an answer or otherwise appear at any point in these proceedings, and a default was consequently entered against them. (ECF No. 23.) As a result of the default, all well-pleaded factual allegations made by plaintiff are now taken as true. TeleVideo Systems, 826 F.2d at 917 (citing Geddes, 559 F.2d at 560). Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiff's favor.

### E. Whether the Default Was Due to Excusable Neglect

The sixth Eitel factor contemplates whether defendants' default was due to excusable neglect. PepsiCo, 238 F.Supp.2d at 1177; Eitel, 782 F.2d at 1471-72. This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, Inc. v. Castworld Productions, 219 F.R.D. 494, 500 (2003) (citing Mullane v. Central Hanover Bank & Trust Co.,

339 U.S. 306, 314 (1950)). In the instant case, there is significant evidence that defendants were given sufficient notice of these proceedings.

As noted above, defendants were properly served with a copy of the complaint. (ECF Nos. 7, 12, 14.) Defendants were also served with copies of plaintiff's request to enter default, and of the motion for summary judgment and default judgment. (ECF No. 22-3; ECF No. 57-5.) In light of the multiple notices delivered to defendants, it is unlikely that their failure to appear in this action is due to excusable neglect. As a result, this factor does not weigh against default judgment.

### F. Policy of Deciding Cases on the Merits

The seventh Eitel factor emphasizes the "general rule that default judgments are ordinarily disfavored." Eitel 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). A failure to appear in these proceedings has rendered a decision on the merits impossible. Thus, this factor does not weigh against default judgment.

Accordingly, for the reasons stated above, the undersigned will also recommend that plaintiff's motion for default judgment be granted.[7]

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's November 9, 2015 motion to dismiss (ECF No. 42) be denied;

2. Defendant's January 27, 2016 motion to dismiss (ECF No. 46) be denied;

3. Defendant's August 3, 2018 motion to intervene (ECF No. 66) be denied;

4. Plaintiff's May 8, 2018 motion for summary judgment and default judgment (ECF No. 57) be granted;

5. Default judgment be entered against defendants Carl Hans, Builders Supply, and Newport Capital Recovery Group II, LLC;

---

[7] Generally, after finding that default judgment is appropriate, the undersigned would have to address the issue of damages. However, plaintiff is not seeking damages against the defaulting defendants.

12

6. Defendants Carl Hans, Builders Supply, and Newport Capital Recovery Group, II be found to have no claim or interest in the Subject Property, or any proceeds from the sale therefrom;

7. Defendant Randy Kent Barker be found indebted to the United States in the amount of $1,849,353.46 as of May 7, 2018, less any subsequent payments or credits, plus interest and other statutory additions pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1), until the judgment is fully paid;

8. The United States be found to have valid tax liens against defendant Randy Kent Barker's property and rights to property, including the Subject Property;

9. That the United States be permitted to foreclose its lien upon the Subject Property, with the proceeds distributed consistent with these findings and recommendations; and

10. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/USvBarker0062.msj.f&rs

13