1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   CHRISTIAN MEJIA
3  Trial Attorneys, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C. 20044
5  202-305-7548 (v)
   202-307-0054 (f)
6  Christian.Mejia@usdoj.gov

7  McGREGOR W. SCOTT
   United States Attorney
8  Eastern District of California

9  *Attorneys for the United States of America*

10                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF CALIFORNIA
11

12

13  United States of America,                No. 2:15-CV-00062-JAM-DB

                    Plaintiff,               [~~PROPOSED~~] ORDER OF
14                                           FORECLOSURE AND JUDICIAL SALE

15          v.
                                             Date:    August 27, 2019
16  Randy Kent Barker; Carl Hans; Newport    Time:    1:30 PM
    Capital Recovery Group II; Builders      Court:   Courtroom 6
17  Supply; Canyon Oaks Property Owners      Judge:   Hon. James A. Mendez
    Association, Inc.; and Butte County
18  Treasurer;

19                  Defendants.

20
           This Order of Foreclosure and Judicial Sale ("Order of Sale") is entered under 26 U.S.C.
21
    §§ 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002.  The Court hereby ORDERS as follows:
22
    //
23
    //
24
    //
25
    //
26
    //
27
    //
28

    [Proposed] Order of Sale                 1

1.     This Order of Sale applies to real property located at 3357 Summit Ridge Terrace,

Chico, CA 95928, APN 018-590-026, in the County of Butte ("Subject Property"). The Subject

Property is more particularly described as follows:

**PARCEL I:**

LOT 60, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "SIENA AT CANYON OAKS, PHASE 2",
WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE,
STATE OF CALIFORNIA, ON NOVEMBER 19, 2007, IN BOOK 172 OF MAPS, AT PAGE(S) 93, 94,
95, 96, AND 97.

RESERVING THEREFROM OVERLAND SURFACE DRAINAGE EASEMENTS ACROSS ALL LOTS
FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS;
SANITARY SEWER EASEMENTS AND ACCESS EASEMENTS FOR THE BENEFIT OF ALL
ADJOINERS WHERE SHOWN ON THE ANNEXED MAP; MEANDERING DRAINAGE EASEMENTS
ALONG ALL EXISTING DRAINAGE'S AND SLOPES FOR THE BENEFIT OF ALL PROPERTY
OWNERS IN THE SIENA AT CANYON OAKS, PHASE 2 SUBDIVISION.

**PARCEL II:**

AN EASEMENT FOR STORM DRAIN, UTILITIES, SEWAGE AND STORM DRAIN FLOWAGE OVER
LOT 10, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE
RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN
BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88.

**PARCEL III:**

AN EASEMENT FOR STORM DRAINS, UTILITIES, SEWER LINES, MANHOLES, LIFT STATIONS
AND RELATED IMPROVEMENTS, PLUS THE RIGHT TO THE SURFACE OF THE PROPERTY FOR
WATER DRAINAGE PURPOSES OVER PARCEL 10, AS SHOWN ON THAT CERTAIN PARCEL
MAP, WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE
OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88.

PARCEL IV:



EASEMENTS FOR ACCESS PURPOSES OVER THE FOLLOWING 4 PARCELS:

PARCEL 1:

COMMENCING AT THE INTERSECTION OF PARCELS 1, 3 AND 10, AS SHOWN ON THAT
CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF
BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S)
87 AND 88; THENCE NORTH 57 DEG. 59' 41" WEST ALONG THE BOUNDARY COMMON TO
SAID PARCELS 1 AND 10, A DISTANCE OF 120.00 FEET; THENCE CONTINUING ALONG SAID
BOUNDARY SOUTH 88 DEG. 34' 04" WEST, A DISTANCE OF 114.57 FEET TO THE TRUE POINT
OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 88 DEG. 34' 04"
WEST, A DISTANCE OF 285.56 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH
69 DEG. 37' 25" WEST, A DISTANCE OF 100.00 FEET; THENCE LEAVING SAID BOUNDARY,
SOUTH 44 DEG. 28' 17" EAST, A DISTANCE OF 876.09 FEET, TO A POINT ON THE BOUNDARY
COMMON TO PARCELS 2 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE
SOUTH 75 DEG. 57' 50" EAST, ALONG SAID BOUNDARY COMMON TO PARCELS 2 AND 10, A
DISTANCE OF 164.92 FEET; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 75 DEG.
57' 50" EAST, A DISTANCE OF 248.03 FEET; THENCE LEAVING SAID BOUNDARY NORTH 44
DEG. 28' 17" WEST, A DISTANCE OF 906.64 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION LYING WITHIN LOT 40 OF PHASE I CANYON OAKS
SUBDIVISION.

PARCEL 2:

COMMENCING AT THE INTERSECTION OF PARCELS 2, 4 AND 10, AS SHOWN ON THE
AFOREMENTIONED MAP; THENCE NORTH 66 DEG. 17' 50" EAST ALONG THE BOUNDARY
COMMON TO SAID PARCELS 4 AND 10, A DISTANCE OF 104.54 FEET; THENCE CONTINUING
ALONG SAID BOUNDARY NORTH 72 DEG. 53' 50" EAST, A DISTANCE OF 605.07 FEET TO THE
TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY NORTH 72
DEG. 53' 50" EAST, A DISTANCE OF 75.00 FEET; THENCE CONTINUING ALONG SAID
BOUNDARY NORTH 80 DEG. 05' 45" EAST, A DISTANCE OF 25.62 FEET; THENCE LEAVING
SAID BOUNDARY NORTH 68 DEG. 48' 42" EAST, A DISTANCE OF 605.06 FEET; THENCE
NORTH 21 DEG. 11' 18" WEST, A DISTANCE OF 210.00 FEET; THENCE SOUTH 68 DEG. 48' 42"
WEST, A DISTANCE OF 704.99 FEET; THENCE SOUTH 21 DEG. 11' 18" EAST, A DISTANCE OF
199.64 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 3:

COMMENCING AT THE INTERSECTION OF PARCELS 4, 5 AND 10, AS SHOWN ON THE
AFOREMENTIONED MAP; THENCE NORTH 88 DEG. 05' 12" WEST ALONG THE BOUNDARY
COMMON TO SAID PARCELS 4 AND 10, A DISTANCE OF 634.30 FEET TO THE TRUE POINT OF
BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY COMMON TO PARCELS 4 AND
10 NORTH 21 DEG. 35' 43" WEST, A DISTANCE OF 154.87 FEET; THENCE LEAVING SAID
BOUNDARY NORTH 60 DEG. 56' 22" EAST, A DISTANCE OF 347.61 FEET TO A POINT ON THE
BOUNDARY COMMON TO PARCELS 3 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP;
THENCE ALONG SAID BOUNDARY COMMON TO PARCELS 3 AND 10, SOUTH 11 DEG. 35' 32"
EAST, A DISTANCE OF 80.49 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH
67 DEG. 37' 12" EAST, A DISTANCE OF 98.19 FEET; THENCE LEAVING SAID BOUNDARY
COMMON TO PARCELS 3 AND 10, SOUTH 60 DEG. 56' 22" WEST, A DISTANCE OF 404.77 FEET
TO A POINT ON THE BOUNDARY COMMON TO PARCELS 4 AND 10, SAID POINT BEING THE
TRUE POINT OF BEGINNING.

**PARCEL 4:**

COMMENCING AT THE INTERSECTION OF PARCELS 3, 7, 8 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE SOUTH 28 DEG. 44' 23" EAST ALONG THE BOUNDARY COMMON TO SAID PARCELS 8 AND 10, A DISTANCE OF 707.11 FEET; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 56 DEG. 18' 36" EAST, A DISTANCE OF 272.68 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID BOUNDARY SOUTH 56 DEG. 18' 36" EAST, A DISTANCE OF 224.21 FEET; THENCE LEAVING SAID BOUNDARY COMMON TO PARCELS 8 AND 10 SOUTH 6 DEG. 49' 02" WEST, A DISTANCE OF 428.92 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 5 AND 10, AS SHOWN ON THE AFOREMENTIONED MAP; THENCE ALONG SAID BOUNDARY COMMON TO PARCELS 5 AND 10 NORTH 79 DEG. 33' 45" WEST, A DISTANCE OF 200.40 FEET; THENCE LEAVING SAID BOUNDARY COMMON TO PARCELS 5 AND 10 NORTH 6 DEG. 49' 02" EAST, A DISTANCE OF 517.61 FEET TO A POINT ON THE BOUNDARY COMMON TO PARCELS 8 AND 10, SAID POINT BEING THE TRUE POINT OF BEGINNING.

**PARCEL V:**

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS, BOTH PEDESTRIAN AND VEHICULAR USE, SUPPORT AND ENJOYMENT THROUGH, OVER, UNDER, ACROSS AND ON LOT A, THE COMMON AREA, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83, 84, 85, 86, 87 AND 88.

**PARCEL VI:**

ALL OVERLAND SURFACE FLOWAGE EASEMENTS, ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGES FOR THE BENEFIT OF ALL ADJOINERS; AND SEWAGE EASEMENTS FOR THE BENEFIT OF ALL PROPERTY OWNERS IN PHASE I AND ALL FUTURE CONNECTIONS UPSTREAM OF SAID PHASE I, AS SAID EASEMENTS ARE SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83 THRU 88.

THE ABOVE MAP WAS AMENDED ON APRIL 29, 1991, IN BOOK 122 OF MAPS, AT PAGE(S) 46, BUTTE COUNTY RECORDS.

CERTIFICATE OF CORRECTION RECORDED JUNE 13, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-23645.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL I, DESCRIBED HEREIN.

**PARCEL VII:**

EASEMENTS FOR PEDESTRIAN AND BICYCLES AND ROADWAY DRAINAGE EASEMENTS AS SAID EASEMENTS ARE SHOWN ON THAT CERTAIN MAP ENTITLED, "PHASE I CANYON OAKS SUBDIVISION", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 16, 1989, IN BOOK 116 OF MAPS, AT PAGE(S) 83 THRU 88.

THE ABOVE MAP WAS AMENDED ON APRIL 29, 1991, IN BOOK 122 OF MAPS, AT PAGE(S) 46,

BUTTE COUNTY RECORDS.

CERTIFICATE OF CORRECTION RECORDED JUNE 13, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-23645.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL I, DESCRIBED HEREIN.

PARCEL VIII:

A NON-EXCLUSIVE PRIVATE ROADWAY EASEMENT FOR INGRESS, EGRESS AND PUBLIC UTILITIES OVER LOT A AND PERMANENT OPEN SPACE AND CONSERVATION EASEMENTS OVER LOTS B, C AND E, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "CANYON OAKS SUBDIVISION, PARCEL IV PHASE I", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 7, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 1, 2, 3, 4, 5, 6 AND 7.

PARCEL IX:

INGRESS AND EGRESS EASEMENTS ON ALL AREAS SHOWN AS P.U.E. FOR MAINTENANCE OF CURBS, DRAINAGE CHANNELS, CULVERTS, ROADWAY SHOULDERS, SLOPES AND PATHWAYS, AS SHOWN ON MAP ENTITLED "CANYON OAKS SUBDIVISION, PARCEL IV PHASE I", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 7, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 1, 2, 3, 4, 5, 6 AND 7.

PARCEL X:

OVERLAND SURFACE FLOWAGE EASEMENTS ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; SANITARY SEWER EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; ACCESS EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREON; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGES FOR THE BENEFIT OF ALL PROPERTY OWNERS IN THE "CANYON OAKS SUBDIVISION, PARCEL IV PHASE I", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 7, 2002, IN BOOK 154 OF MAPS, AT PAGE(S) 1, 2, 3, 4, 5, 6 AND 7.

PARCEL XI:

A NON-EXCLUSIVE EASEMENT IN PERPETUITY FOR ACCESS PURPOSES TO AND OVER RIDGE HOLLOW LANE, SUMMIT RIDGE TERRACE AND HORIZON POINT PLACE, AS SUCH LANE, TERRACE AND PLACE ARE SHOWN ON THE THREE MAPS DESCRIBED BELOW, INCLUDING: INGRESS AND EGRESS; ACCESS TO AND FROM ALL ABUTTING STREETS AND RIGHTS OF WAY; AND USE FOR VEHICULAR (INCLUDING TRUCKS), CONSTRUCTION, BICYCLE AND PEDESTRIAN PURPOSES, SUCH THREE SUBDIVISION MAPS ARE:

(A) THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 1" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA, ON MAY 21, 2003 IN BOOK 156 OF MAPS AT PAGES 98-100;

(B) THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 2" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON SEPTEMBER 6, 2004 IN BOOK 161 OF MAPS AT PAGES 64-67; AND

(C) THE MAP ENTITLED "ROLLING HILLS SUBDIVISION, PHASE 4" RECORDED IN THE

OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON JUNE 3, 2003 IN BOOK 157 OF MAPS AT PAGES 21-24 (CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735).

**PARCEL XII:**

AN ACCESS EASEMENT IN PERPETUITY TO AND OVER RIDGE HOLLOW LANE AND SUMMIT RIDGE TERRACE, AS SUCH LANE AND TERRACE ARE SHOWN ON THE FOLLOWING TWO MAPS, INCLUDING: INGRESS AND EGRESS; ACCESS TO AND FROM ALL ABUTTING STREETS AND RIGHTS OF WAY; AND USE FOR VEHICULAR (INCLUDING TRUCKS), CONSTRUCTION, BICYCLE AND PEDESTRIAN PURPOSES, SUCH TWO MAPS ARE:

A. THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 1" RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 21, 2003 IN BOOK 156 OF MAPS AT PAGES 98-100; AND

B. THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 2" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON SEPTEMBER 6, 2004 IN BOOK 161 OF MAPS AT PAGES 64-67.

**PARCEL XIII:**

OVERLAND SURFACE FLOWAGE EASEMENTS ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS, SANITARY SEWER EASEMENTS AND ACCESS EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREIN; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGES FOR THE BENEFIT OF ALL PROPERTY OWNERS IN "THE VIEWS SUBDIVISION PHASE 1", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MAY 21, 2003, IN BOOK 156 OF MAPS, AT PAGE(S) 98, 99 AND 100.

**PARCEL XIV:**

NON-EXCLUSIVE EASEMENTS FOR PRIVATE ROADWAYS, INCLUDING STORM DRAIN AND SANITARY SEWER FACILITIES OVER LOTS C AND D, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "ROLLING HILLS SUBDIVISION, PHASE 4", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 3, 2003, IN BOOK 157 OF MAPS, AT PAGE(S) 21 THRU 24.

A CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735.

**PARCEL XV:**

PERMANENT OPEN SPACE AND CONSERVATION EASEMENTS OVER LOTS A AND B, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "ROLLING HILLS SUBDIVISION, PHASE 4", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 3, 2003, IN BOOK 157 OF MAPS, AT PAGE(S) 21 THRU 24.

A CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735.

**PARCEL XVI:**

ALL OVERLAND SURFACE FLOWAGE EASEMENTS, ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN HEREIN; MEANDERING DRAINAGE EASEMENTS ALONG ALL

EXISTING DRAINAGES FOR THE BENEFIT OF ALL ADJOINERS; AND SEWAGE EASEMENTS FOR THE BENEFIT OF ALL PROPERTY OWNERS IN "ROLLING HILLS SUBDIVISION, PHASE 4", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 3, 2003, IN BOOK 157 OF MAPS, AT PAGE(S) 21 THRU 24.

A CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735.

PARCEL XVII:

A NON-EXCLUSIVE EASEMENT IN PERPETUITY FOR UTILITIES PURPOSES (I) ON, OVER AND UNDER ALL AREAS SHOWN AS P.U.E. OR PUE ON THE THREE MAPS DESCRIBED BELOW, AND (II) UNDER RIDGE HOLLOW LANE, SUMMIT RIDGE TERRACE AND HORIZON POINT PLACE, AS SUCH AREAS, LANE, TERRACE AND PLACE ARE SHOWN ON SUCH THREE MAPS DESCRIBED BELOW, INCLUDING THE CONSTRUCTION, OPERATION, MAINTENANCE, ALTERATION, IMPROVEMENT, REPLACEMENT, RELOCATION AND REMOVAL OF UTILITIES; INGRESS AND EGRESS FOR SUCH PURPOSES OVER AND ACROSS THE AREA OF SUCH EASEMENT; AND USE OF EACH EXISTING SANITARY SEWER, WATER, GAS, ELECTRIC, AND OTHER LINE AND ITS APPURTENANCES LOCATED IN SUCH EASEMENT WHICH SERVES TWO OR MORE HOMES TO THE EXTENT (Y) THE LINE HAS CAPACITY REMAINING AFTER SERVING ALL LOTS SHOWN ON SUCH THREE MAPS WHICH ARE INTENDED TO BE SERVED BY THE LINE, AND (Z) SUCH USE IS AUTHORIZED BY THE COMPANY OPERATING THE LINE, IF ANY. THE TERM "UTILITIES" IN THE PRECEDING SENTENCE INCLUDES WATER (POTABLE OR RECYCLED), ELECTRIC, GAS, SANITARY SEWER, STORM DRAIN, TELEPHONE, CABLE TELEVISION, DATA TRANSMISSION, OTHER COMMUNICATIONS AND ALL OTHER SIMILAR OR RELATED SERVICES, AND INCLUDES THE UTILITIES, APPURTENANCES AND OTHER RELATED IMPROVEMENTS. SUCH THREE SUBDIVISION MAPS ARE:

(A) THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 1" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA, ON MAY 21, 2003 IN BOOK 156 OF MAPS AT PAGES 98-100;

(B) THE MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 2" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON SEPTEMBER 6, 2004 IN BOOK 161 OF MAPS AT PAGES 64-67; AND

(C) THE MAP ENTITLED "ROLLING HILLS SUBDIVISION, PHASE 4" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON JUNE 3, 2003 IN BOOK 157 OF MAPS AT PAGES 21-24 (CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735).

PARCEL XVIII:

DRAINAGE EASEMENTS OVER ON AND UNDER THOSE STRIPS OF LAND SHOWN ON THE ANNEXED MAP AS "S.D.E" (STORM DRAIN EASEMENTS), INCLUDING ALL PERTINENT DRAINAGE FACILITIES, FOR REPAIR AND MAINTENANCE, AS SHOWN ON MAP ENTITLED "ROLLING HILLS SUBDIVISION, PHASE 4", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON JUNE 3, 2003, IN BOOK 157 OF MAPS, AT PAGE(S) 21 THRU 24.

A CERTIFICATE OF CORRECTION RECORDED JUNE 30, 2003, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 2003-42735.

PARCEL XIX:

RECIPROCAL ACCESS EASEMENTS, WITH EXACT LOCATIONS UNDETERMINED TO AND FROM

EACH OF THE TEN PARCELS, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON SEPTEMBER 4, 1987, IN BOOK 107 OF MAPS, AT PAGE(S) 87 AND 88.

**PARCEL XX:**

ALL EASEMENTS DESCRIBED AS NUMBERS 1 THROUGH 6, AS CONTAINED IN EASEMENT GRANT DEED RECORDED OCTOBER 29, 2004, SERIAL NO. 2004-66659.

**PARCEL XXI:**

ALL EASEMENTS DESCRIBED AS NUMBERS 1 THROUGH 7, AS CONTAINED IN EASEMENT GRANT DEED RECORDED NOVEMBER 4, 2004, SERIAL NO. 2004-67650.

**PARCEL XXII:**

A NON-EXCLUSIVE EASEMENT IN PERPETUITY FOR SANITARY SEWER PURPOSES TO THE 12' SANITARY SEWER EASEMENT LOCATED ON LOT 16 AND SHOWN IN "DETAIL C," AS SUCH LOT 16 AND DETAIL C ARE SHOWN ON THAT CERTAIN MAP ENTITLED "THE VIEWS SUBDIVISION PHASE 2" RECORDED IN THE OFFICIAL RECORDS OF BUTTE COUNTY, CALIFORNIA ON SEPTEMBER 6, 2004 IN BOOK 161 OF MAPS AT PAGES 64-67, INCLUDING: THE CONSTRUCTION, OPERATION, MAINTENANCE, ALTERATION, IMPROVEMENT, REPLACEMENT, RELOCATION AND REMOVAL OF A SEWER SYSTEM AND ITS APPURTENANCES AND RELATED IMPROVEMENTS; INGRESS AND EGRESS FOR SUCH PURPOSES OVER AND ACROSS THE AREA OF SUCH EASEMENT AND SUCH LOT 16; AND USE OF THE EXISTING SANITARY SEWER LINE AND APPURTENANCES LOCATED IN SUCH EASEMENT.

**PARCEL XXIII:**

NON-EXCLUSIVE PRIVATE ROADWAY AND PUBLIC UTILITY EASEMENTS FOR THE COMMON USE AND ENJOYMENT OF THE OWNERS OVER SUMMIT RIDGE TERRACE AND SIENA RIDGE LOOP, KNOWN AS LOT A, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "SIENA AT CANYON OAKS, PHASE 1", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON DECEMBER 15, 2005, IN BOOK 165 OF MAPS, AT PAGE(S) 98, 99, 100 & 101.

**PARCEL XXIV:**

PERMANENT OPEN SPACE EASEMENTS, ALL FOR THE COMMON USE AND ENJOYMENT OF THE OWNERS, OVER LOTS B AND C, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "SIENA AT CANYON OAKS, PHASE 1", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON DECEMBER 15, 2005, IN BOOK 165 OF MAPS, AT PAGE(S) 98, 99, 100 & 101.

**PARCEL XXV:**

NON-EXCLUSIVE PRIVATE ROADWAY AND PUBLIC UTILITY EASEMENTS FOR THE COMMON USE AND ENJOYMENT OF THE OWNERS OVER SUMMIT RIDGE TERRACE AND SHALLOW SPRINGS TERRACE, KNOWN AS LOT A, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "SIENA AT CANYON OAKS, PHASE 2", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 19, 2007, IN BOOK 172 OF MAPS, AT PAGE(S) 93, 94, 95, 96 & 97.

**PARCEL XXVI:**

[Proposed] Order of Sale                    8

**PERMANENT OPEN SPACE EASEMENTS, ALL FOR THE COMMON USE AND ENJOYMENT OF THE OWNERS, OVER LOTS B, C AND D, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "SIENA AT CANYON OAKS, PHASE 2", WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 19, 2007, IN BOOK 172 OF MAPS, AT PAGE(S) 93, 94, 95, 96 & 97.**

**PARCEL XXVII:**

**OVERLAND SURFACE DRAINAGE EASEMENTS ACROSS ALL LOTS FOR THE BENEFIT OF ALL ADJOINERS DIRECTLY UPHILL; STORM DRAIN EASEMENTS; SANITARY SEWER EASEMENTS AND ACCESS EASEMENTS FOR THE BENEFIT OF ALL ADJOINERS WHERE SHOWN ON THE ANNEXED MAP; MEANDERING DRAINAGE EASEMENTS ALONG ALL EXISTING DRAINAGE'S AND SLOPES FOR THE BENEFIT OF ALL PROPERTY OWNERS IN THE SIENA AT CANYON OAKS, PHASE 2 SUBDIVISION WHICH MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 19, 2007, IN BOOK 172 OF MAPS, AT PAGE(S) 93, 94, 95, 96 & 97.**

2.     On June 11, 2019, the Court entered an Order adopting the magistrate judge's findings and recommendations issued on December 12, 2018 (ECF No. 70).  ECF No. 84.  The Court ordered as follows:

a.     Defendant Randy K. Barker is indebted to the United States of America in the amount of $1,849,353.46 as of May 7, 2018, less any subsequent payments or credits, plus interest and other statutory additions under 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)(1) until the judgment is fully paid.

b.     The United States has valid tax liens against Randy K. Barker's property and rights to property, including the Subject Property.

c.     The United States is permitted to foreclose its liens upon the Subject Property.

d.     Defendants Carl Hans, Builders Supply, and Newport Capital Recovery Group II have no claim or interest in the Subject Property, or any proceeds from the sale therefrom.

3.     Accordingly, the United States' federal tax liens against the Subject Property are hereby foreclosed.  The United States Marshal, his/her representative, or an Internal Revenue

Service Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sale under this Order of Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

4.     The United States Marshal, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

5.     The terms and conditions of the sale are as follows:

a.     Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

b.     The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.     The sale shall be held at the United States District Court for the Eastern District of California, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

d.     Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Butte County, California, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law, and state or local law regarding redemption rights do

1 not apply to these sales. The notice of sale shall describe the Subject Property, separately, and

2 shall contain the material terms and conditions of sale in this Order of Sale.

3         e.      The minimum bid will be set by the Internal Revenue Service. If the

4 minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS

5 representative may, without further permission of this Court, and under the terms and conditions

6 in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to

7 the highest bidder.

8         f.      Bidders shall be required to deposit, at the time of sale with the Marshal,

9 his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the

10 deposit to be made by a certified or cashier's check payable to the United States District Court for

11 the Eastern District of California. Before being permitted to bid at the sale, bidders shall display

12 to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance

13 with this requirement.

14         g.      The balance of the purchase price of the Subject Property in excess of the

15 deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is

16 conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's

17 check payable to the United States District Court for the Eastern District of California. If the

18 successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall

19 be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §

20 1921(c), with any amount remaining to be applied first to the federal tax liabilities of Randy K.

21 Barker. The Subject Property shall be again offered for sale under the terms and conditions of

22 this Order of Sale or, in the alternative, sold to the second-highest bidder. The United States may

23 bid as a credit without tender of cash.

24         h.      The sale of the Subject Property shall not be final until confirmed by this

25 Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30

26 days from the date of receipt of the balance of the purchase price.

27

28

i.      Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

j.      Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Property held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state or local law shall not apply to this sale under federal law.

k.      Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, in the Butte County Recorder's Office, cause the transfer of the Subject Property to be reflected in the county property records.

l.      All rights to rents of or from the Subject Property arising after the final judgment in this action and before the confirmation of the sale of the Subject Property shall constitute proceeds of the Subject Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Property. On confirmation of the sale of the Subject Property, all rights to product, offspring, rents, and profits of or from the Subject Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Property shall transfer to the successful bidder(s).

6.      Until the Subject Property is sold, Randy K. Barker shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. He shall keep current in paying real property taxes as they are assessed. He shall not commit waste against the Subject Property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential

1  bidders from participating in the public sale, nor shall he cause or permit anyone else to do so.

2  Violation of this paragraph shall be deemed a contempt of Court and punishable as such.

3  7.    All persons occupying the Subject Property shall leave and permanently vacate the

4  Subject Property no later than 30 days after the entry of this Order, each taking his or her personal

5  property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and

6  vacating. If any person fails or refuses to leave and vacate the Subject Property by the time

7  specified in this Order, the United States Marshal's Office is authorized to take whatever action it

8  deems appropriate to remove such person or persons from the premises, whether or not the sale of

9  such property is being conducted by a PALS representative. **Such action may include, but is**

10 **not limited to, the use of reasonable force, and to enter and remain on the premises,**

11 **including, but not limited to, the land, and any structures or vehicles thereon, for the**

12 **purpose of executing this Order. The Unites States Marshal is further authorized and**

13 **directed to arrest and/or evict from the premises any and all persons who obstruct, attempt**

14 **to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.**

15 8.    If any person fails or refuses to remove his or her personal property from the

16 Subject Property by the time specified herein, the personal property remaining at the Subject

17 Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or

18 the PALS representative is authorized and directed to remove and dispose of it in any manner

19 they see fit, including sale, in which case the proceeds of sale are to be applied first to the

20 expenses of sale, and then to the tax liabilities described in Paragraph 2.

21 9.    Notwithstanding the terms of Paragraphs 7 and 8, if, after the sale of the Subject

22 Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance

23 may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal

24 Rules of Civil Procedure to compel delivery of possession of the Subject Property to the

25 purchaser or purchasers thereof.

26 10.    If Randy K. Barker, or any other person occupying the Subject Property, vacates

27 the Subject Property prior to the deadline set forth in Paragraph 7, above, such person shall notify

28 counsel for the United States no later than two business days prior to vacating the property of the

[Proposed] Order of Sale                    13

date on which he or she is vacating the property. Notification shall be made by leaving a message for counsel for the United States, Christian Mejia, at (202) 305-7548.

11.     The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the Internal Revenue Service for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court; second, to Butte County to satisfy any existing Butte County secured real property tax liens (as set forth in the Court's Order dated August 3, 2015, ECF No. 28); third, to the United States to satisfy the federal tax liabilities of Randy K. Barker; fourth, to Canyon Oaks Property Owners Association, Inc. to satisfy its liens for delinquent homeowner association fees, penalties, and interest (as set forth in the Court's Order dated August 18, 2015, ECF No. 34).

**IT IS SO ORDERED.**

DATED this 9th day September 2019

_____

UNITED STATES DISTRICT COURT JUDGE